UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VOLTSTAR TECHNOLOGIES, INC. f/k/a
HORIZON TECHNOLOGIES, INC.

CASE NO.: 13-cv-08429

Plaintiff,

v.

THE GILLETTE COMPANY,
A Delaware Corporation,

Defendant.

COMPLAINT FOR DESIGN PATENT INFRINGEMENT

JURY TRIAL DEMANDED

Plaintiff VOLTSTAR TECHNOLOGIES, INC. f/k/a HORIZON TECHNOLOGIES, INC., by and through undersigned counsel, brings this civil action for patent infringement against Defendant, and alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized importation for sale, manufacture, use, and offer to sell a universal serial bus (USB) electrical charger that infringes United States Design Patent No. D587,192 entitled "Electrical Charger."

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff VOLTSTAR TECHNOLOGIES, INC. f/k/a HORIZON TECHNOLOGIES, INC. ("Voltstar") is an Illinois corporation with its principal place of business at 1320 Tower Road, Schaumburg, Illinois 60173.

3. Defendant THE GILLETTE COMPANY ("Gillette") is a Delaware corporation with its principal place of business at One Gillette Park, Boston, Massachusetts 02127.

4. Pursuant to 735 ILCS 5/2-209, Gillette is subject to personal jurisdiction within this judicial district and division because it operates, conducts, engages in, or carries on business within this state, judicial district and division, and/or has an office or agency within this state, judicial district and division.

5. In addition, Gillette is subject to personal jurisdiction within this judicial district and division because the unlawful conduct of Gillette took place within this judicial district and division, and jurisdiction over Gillette will not offend traditional notions of fair play and substantial justice.

6. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §1338(a) under the Patent Laws of the United States.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1400(b) and 28 U.S.C. §1391 (b) because Gillette has committed acts of infringement within this judicial district and division.

## THE PATENT-IN-SUIT

8. Prior to November 28, 2007, James W. McGinley, Donald Rimdzius, and Joseph L. Kapushion, invented a new and novel ornamental design for an electrical charger.

9. McGinley, Rimdzius, and Kapushion applied for and obtained United States Design Patent No. D587,192 entitled "Electrical Charger" which was duly and legally issued on February 24, 2009 (the '192 Patent). A true and correct copy of the '192 Patent is attached as Exhibit A.

10. McGinley, Rimdzius and Kapushion assigned all right, title and interest in and to the '192 Patent to Plaintiff on November 30, 2007.

11. The '192 patent claims the following ornamental design for an electrical charger:



FIGURE 1



## INFRINGEMENT OF THE '192 PATENT

12. Gillette is the manufacturer and seller of the Mini USB AC Charger:







13. Gillette's Mini USB AC Charger infringes the ornamental design for an electrical charger of the '192 Patent.

## COUNT I
## INFRINGEMENT OF U.S. DESIGNPATENT NO. D587,192
## AGAINST GILLETTE

14. Plaintiff re-alleges paragraphs 1 through 13above as fully and completely as if set forth herein verbatim.

15. Defendant Gillette makes, uses, sells, offers to sell and/or imports into the United States for subsequent distribution, sale or use, products that infringe the '192 Patent.

16. Gillette's manufacture and sale of the Mini USB AC Charger constitutes infringement of the '192 Patent.

17. The activities of Gillette have been done and continue to be done without license or permission from Voltstar and/or without authority of Voltstar.

18. The activities of Gillette have been and continue to be to the injury and detriment and irreparable harm to Voltstar.

**WHEREFORE, VOLTSTAR PRAYS:**

A. For judgment that Gillette has infringed the '192 Patent:

B. For an accounting and an award of damages sufficient to compensate Voltstarfor the infringement but in no event less than a reasonable royalty;

C. For an award of costs; and

D. For such other and further relief as to the Court may appear just and reasonable.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

DATED: November 15, 2013

           Schneider Rothman Intellectual Property
           Law Group PLLC
           P.O. Box 812182
           Boca Raton, FL 33481-2182
           Tel: 561-404-4350
           Fax: 561-404-4353
           Attorneys for Plaintiff

By: /s/ Jerold I. Schneider
    Jerold I. Schneider
    jerold.schneider@sriplaw.com
    *Admitted to the General Bar of the*
    *Northern District of Illinois*

    -and-

    Keith A. Vogt
    Takiguchi&Vogt, LLP
    1415 W. 22nd Street, Tower Floor
    Oak Brook, Illinois 60523-2021
    Tel: 630.974.5707
    Fax: 630.423.9558
    *Designated Local Counsel for Plaintiff*
    *pursuant to Local Rule 83.15.*